UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANDRE WILSON, individually and on behalf of others who are similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF LAWTON, OKLAHOMA, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. CIV-24-853-G<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Plaintiff Andre Wilson, appearing pro se, initiated this action on August 19, 2024, and then filed an Amended Complaint one week later. *See* Am. Compl. (Doc. No. 3). The Amended Complaint raises claims against 17 defendants[1] for violation of federal statutes and the Constitution.

    I.    *The Motions to Dismiss*

Defendants filed four Motions to Dismiss the Amended Complaint pursuant to Rules 8(a) and 12(b) of the Federal Rules of Civil Procedure (Doc. Nos. 9, 11, 12, 17). As to the first three motions, Plaintiff requested an extension of time to respond. *See* Pl.'s Mot. Extension (Doc. No. 14). The Court granted Plaintiff's request and ordered that

---

[1] Defendants are City of Lawton, Oklahoma, and John Ratliff, Stan Booker, Alan Rosenbaum, Heather Moulton-Skiles, Sandra Carl, Jillian Allison, Manuel Martinez, Michael Albert, Caleb Swinford, Mario Ozuna, Mark Floyd, Mark Mason, Trent Ulrich, John R. Andrew, Nathan Johnson, and Michael Jones.

Plaintiff must file his responses "on or before December 17, 2024." Order of Nov. 20, 2024 (Doc. No. 15) at 1.

Despite this extension, Plaintiff did not respond to the Motions to Dismiss docketed as Doc. Nos. 9, 11, and 12 on December 17, 2024, or thereafter. Nor did Plaintiff file a response as to the Motion to Dismiss docketed as Doc. No. 17 prior to or after the deadline of January 3, 2025. Plaintiff did not seek another extension and failed to submit any substantive filing in this case until months after both deadlines had passed.

While the Court liberally construes pro se filings, Plaintiff's pro se status does not "excuse the obligation . . . to comply" with applicable procedural rules. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994). And it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Pursuant to the Court's local rules, any motion that is not timely opposed "may, in the discretion of the court, be deemed confessed." LCvR 7.1(g); *see also Murray v. Archambo*, 132 F.3d 609, 611 (10th Cir. 1998). In addition, Plaintiff has effectively conceded the propriety of dismissal of the Amended Complaint through the lack of any opposition to Defendants' request (as well as through seeking amendment of the pleading, as discussed below).

Defendants' unopposed Motions to Dismiss (Doc. Nos. 9, 11, 12, 17) are therefore GRANTED. The Amended Complaint (Doc. No. 3) is DISMISSED without prejudice. Plaintiff's Motion for Leave (Doc. No. 18) is DENIED without prejudice. The parties' Motions to Stay (Doc. Nos. 46, 48) are DENIED as moot.

## II.     Plaintiff's Motion to Amend

On March 3, 2025, Plaintiff filed a "Second Verified Amended Complaint" (Doc. No. 23). At Defendants' request, the Court struck that pleading because Plaintiff had failed to obtain Defendants' consent or the Court's leave prior to filing the document as required by Rule 15(a)(2) of the Federal Rules of Civil Procedure. *See* Order of Mar. 13, 2025 (Doc. No. 25) at 1-2.

On March 17, 2025, Plaintiff filed a Motion to Amend (Doc. No. 41), along with a Proposed Second Amended Complaint (Doc. No. 41-1) naming the same defendants, seeking leave to amend his pleading pursuant to Rule 15(a)(2) and Local Civil Rule 15.1. Plaintiff alleges that his proposed pleading does not introduce new claims but "clarifies" and "strengthens" the claims already raised against Defendants. Pl.'s Mot. to Amend at 2. Plaintiff also argues that he moved promptly to amend after his attempted new pleading was stricken. *See id.* at 1-2.

Defendants have jointly filed a Response in opposition (Doc. No. 43). Defendants argue that Plaintiff's proposed amendment fails to cure deficiencies in the Amended Complaint and that Plaintiff is indeed introducing new claims that are implausible or otherwise subject to dismissal. *See id.* at 11-25.

As relevant here, Plaintiff may amend his pleading "only with" "the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Under Rule 15(a)(2), courts enjoy "wide discretion" to permit amendment "in the interest of a just, fair or early resolution of litigation." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (internal quotation marks omitted). Leave to amend should be denied only upon

3

"a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (internal quotation marks omitted). "The party contesting the motion to amend has the burden of proving that the amendment should be refused on one of these bases." *Openwater Safety IV, LLC v. Great Lakes Ins. SE*, 435 F. Supp. 3d 1142, 1151 (D. Colo. 2020).

Having considered the proposed pleading and the parties' arguments, the Court will grant Plaintiff leave to amend under Federal Rule of Civil Procedure 15(a)(2). Rule 15(a)(2)'s prescription that such leave "should [be] freely give[n]" is "especially true" when the movant is proceeding pro se, as here. Fed. R. Civ. P. 15(a)(2); *Murray*, 132 F.3d at 612; *see also Hall*, 935 F.2d at 1110 n.3 ("[P]ro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings."). This case is still in its initial stages, with no deadline for amendment yet imposed by the Court. And Defendants have not shown that presentation of the amended allegations, even if they potentially support additional legal claims, would cause them undue prejudice. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006) ("Courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment. Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." (citation and internal quotation marks omitted)).

Further, much of Defendants' futility argument relies upon Plaintiff's alleged technical errors and service problems, which were raised in the previously filed Motions to Dismiss. *See, e.g.*, Defs.' Resp. at 12, 14-15, 18-19. As to the former, the Tenth Circuit has directed that "the district court should allow a plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim." *Staats v. Cobb*, 455 F. App'x 816, 817 (10th Cir. 2011) (internal quotation marks omitted). And it is unclear on the current record which, if any, of the service-related defenses Defendants would again present in response to a new, superseding pleading. Defendants therefore have not shown that amendment is futile on the basis that the entirety of Plaintiff's second amended complaint "would be subject to dismissal." *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Inv.'s Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).

## CONCLUSION

As outlined herein:

- Defendants' Motions to Dismiss the Amended Complaint (Doc. Nos. 9, 11, 12, 17) are GRANTED;
- Plaintiff's Motion for Leave (Doc. No. 18) is DENIED without prejudice;
- The parties Motions to Stay (Doc. Nos. 46, 48) are DENIED as moot; and
- Plaintiff's Motion to Amend (Doc. No. 41) is GRANTED.

Plaintiff shall file his second amended complaint (currently attached as an exhibit to the Motion) within seven (7) days of the date of this Order.

IT IS SO ORDERED this 15th day of September, 2025.

_____
CHARLES B. GOODWIN
United States District Judge